**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **JAMES RONALD BAKER, et al.,** | : | **Case No. 1:14cv00512** |
| **Plaintiffs** | : | **(J. Dlott)** |
| | : | |
| **vs.** | : | |
| | : | |
| **CITY OF PORTSMOUTH, OHIO, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**DEFENDANTS, CITY OF PORTSMOUTH, OHIO, CHRISTOPHER S. SMITH AND
ANDREW L. GEDEON'S INTERROGATORIES AND REQUEST FOR PRODUCTION
OF DOCUMENTS ADDRESSED TO PLAINTIFF, NANCY ROSS**

Come now Defendants, City of Portsmouth, Ohio, Christopher S. Smith, in his official capacity as Health Commissioner of the City of Portsmouth, and Andrew L. Gedeon, in his official capacity as Director of Environmental Health, City of Portsmouth, and in his individual capacity, and address the following Interrogatories and Requests for Production of Documents to *Plaintiff, Nancy Ross,* pursuant to the Federal Rules of Civil Procedure; said Interrogatories are to be answered within thirty-two (32) days of the date appearing on the Certificate of Service attached to these discovery requests.

Further, you are required to make the specified documents available to trial counsel for defendant for inspection and copying within forty (40) days of the date appearing on the Certificate of Service, and written response to the Request for Production of Documents shall be made at the offices of trial counsel for defendant within thirty-two (32) days of said date appearing on the Certificate of Service.

1


EXHIBIT
A 10
10/31/14 EBz

## I. DEFINITIONS AND INSTRUCTIONS

1.     With respect to all questions, all information is to be divulged which is within the knowledge, possession or control of the party to whom these requests are addressed, including his, her or its officers, agents, employees, attorneys, investigators, affiliates, subsidiaries, and divisions.

2.     Where an interrogatory calls for an answer in more than one part, each part should be separated in the answer so that the answer is clearly understandable.

3.     All answers must be made separately and fully stated in writing under oath.

4.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you are under a continuing duty to seasonably supplement all discovery responses with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify; further, a party who knows or later learns that his response is incorrect is under a duty seasonably to correct the response.

5.     For purposes of these discovery requests, the following terms shall have the meanings set forth below:
(a)  "Document" shall have the meanings specified by Rule 34 of the Ohio Rules of Civil Procedure,  including, without limitation, emails, computer notes, videotape and/or DVD and/or CD recordings, audio recordings, any drafts or other non-identical copies of documents otherwise called for by these requests.
(b)  "Identify" shall mean:
(1)  with respect to a document, to state its date, its author, its type (e.g., letter, memorandum, chart, photograph, sound reproduction, etc.), its subject matter, its   present location and the name of its present custodian.   The document may be produced in lieu of supplying the foregoing information.
(2)  with regard to a natural person, to state his or her full name, last known employer or business affiliation, title and last known home address.
(3)  with regard to a person other than a natural person, state the title of that person, any trade name, corporate name or partnership name used by that person, and the principal business address of that person.
(c)  "Produce" or "identify and produce" shall mean that the party to whom these discovery requests are addressed shall produce each document involved. Non-identical copies of documents shall be considered separate documents.  For each document which you contend is privileged or otherwise excludable from discovery, there shall be included a statement as to the claimed basis for such claim of privilege or other grounds for exclusion.

## II. <u>INTERROGATORIES</u>

1.　　Identify all persons who provided information related to Plaintiff's responses to these interrogatories.
**ANSWER:**

***Nancy Ross, with review of counsel, Maurice A. Thompson***

2.　　With reference to each property owned by Nancy Ross as identified in Plaintiffs' Complaint, please answer the following:

　　　a)　State the date the property was acquired by Nancy Ross.
　　　　**ANSWER:**

*1605 Franklin Street – 3/02/06*
*1925 20th Street – 3/26/07*
*1911 Summit Street - 12/21/05*
*1503 5th Street - 5/5/05*
*5410 Winchester - 4/10/01*
*3157 Walnut Street - 10/28/98*
*4139 Hill Street – 7/20/05*
*4141 Hill Street - 7/20/05*

　　　**b)**　State the number of rental units on the property.
　　　　**ANSWER:**

*One unit: 1605 Franklin Street, 1925 20th Street, 1911 Summit Street, 5410 Winchester Street, 4141 Hill Street, 4139 Hill Street*

*Two units: 1503 Fifth Street, 3157 Walnut Street*

　　　c)　Describe how Nancy Ross learned of City of Portsmouth's rental permit ordinance.
　　　　**ANSWER:**

*I <u>first</u> heard of the ordinance through Word of mouth.*

　　　d)　State the date each property was inspected.
　　　　**ANSWER:**

*All properties were inspected on February 18, 2014.*

    e)    Identify the occupant(s), if any, as of the date of inspection and provide the occupant(s) current address(es).
**ANSWER:**

*The occupants' names appear on the lease agreements, which are available for inspection and copying, pursuant to Request for Production No. 1, below.*

    f)    Identify the inspector who inspected the property on behalf of the City of Portsmouth.
**ANSWER:**

*All properties were inspected by Andrew Gedeon.*

    g)    Did the tenant give permission for the inspection of the property, and if so, state whether that permission was oral, written or in electronic form.
**ANSWER:**

*As far as I know, any permission given by any tenant, whether to me or to the City, was coerced by threat or intimidation.*

3.    Identify any tenants of the properties identified in Plaintiffs' Complaint who refused to give permission for inspection.
**ANSWER:**

*I do not know any tenants who gave permission voluntarily.*

4.    With reference to the allegations in paragraph 22 of the Complaint alleging that representatives of the City of Portsmouth, Ohio threatened Plaintiff with criminal prosecution, state all facts know to Plaintiff which support this allegation.
**ANSWER:**

*The Rental Permit ordinance itself states that non-compliance with any of its terms results in criminal penalties.*

### III.      <u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>

1.      Provide copies or make available for inspection and copying the leases between Plaintiff and the tenant as of the date of the inspection of the property.
**RESPONSE:**

2.      Provide copies or make available for inspection and copying any and all documents received from the City of Portsmouth, Ohio related to the rental permit program.
**RESPONSE:**

3.      Provide copies or make available for inspection and copying any and all communications Plaintiff received from the City of Portsmouth, Ohio or sent to the City.
**RESPONSE:**

4.      Provide copies or make available for inspection and copying any and all Inspection reports received from the City of Portsmouth, Ohio.
**RESPONSE:**

5.      Provide copies or make available for inspection and copying any and all Section 8 inspection reports Plaintiff received from January 1, 2012 through the present in connection with any of Plaintiff's properties described in the Complaint.
**RESPONSE:**

6.      Provide copies or make available for inspection and copying any and all documents supporting the allegations of paragraph 22 of Plaintiffs' Complaint.
**RESPONSE:**

*For each of the six Requests for Production above, all record are available for inspection and/or copying.*

Respectfully submitted,

*/s/ Maurice A. Thompson*
Maurice A. Thompson (0078548)
1851 Center for Constitutional Law
208 E. State Street
Columbus, Ohio 43215
Tel: (614) 340-9817
Fax: (614) 365-9564
MThompson@OhioConstitution.org

Justin C. Walker (0080001)
Finney Law Firm, LLC
4270 Ivy Pointe Boulevard, Suite 225
Cincinnati, Ohio 45245
(513) 943-6660 phone
(513) 943-6669 fax
Justin@Finneylawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was emailed to John Hust this 22nd day of October, 2014.

Lawrence E. Barbiere, Ohio Bar No.: 0027106
John W. Hust, Ohio Bar No: 0027121
Trial Attorneys for Defendants
SCHROEDER, MAUNDRELL, BARBIERE &
POWERS
5300 Socialville-Foster Road, Suite 200
Mason, OH 45040
(513) 583-4200 / (513) 583-4203 (fax)
lbarbiere@smbplaw.com
jhust@smbplaw

*/s/ Maurice A. Thompson*